UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GRACIE REESE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-273 |
| | § | |
| AFTERMATH PUBLIC ADJUSTERS, INC., *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is the motion by Defendants Aftermath Public Adjusters, Inc. and Michael Bacigalupo ("Defendants") for summary judgment. Dkt. 17. On September 18, 2017, the Court held a hearing on this motion. After careful consideration of the motion, pleadings, and arguments of the parties, for the reasons stated on the record at the hearing and below, the Court **GRANTS** the motion.

**Factual Background**

This case arises from the failure of an insured to timely file supporting documents for a claim. Plaintiff Gracie Reese ("Reese") purchased a standard flood insurance policy issued by Fidelity National Property and Casualty Company ("Fidelity") for her property located in Galveston, Texas. The property was damaged by flooding during Hurricane Ike. Following the storm, Reese hired Defendants to timely file a claim, which included the submission of proof of loss, on her behalf with Fidelity for payment under her policy.

On August 11, 2009, Fidelity notified Reese, in writing, of the denial of her claim because no proof of loss had been submitted. On August 4, 2010, Reese filed *Reese v.*

*Fidelity National Property and Casualty Company*, 3:10-MC-7040, in the U.S. District Court for the Southern District of Texas ("*Reese I*"). In this lawsuit, Reese asserted claims against Fidelity alleging that Fidelity wrongfully denied her flood insurance policy claim. However, Reese did not name Defendants as parties to the suit.

On July 7, 2014, Fidelity filed its motion for summary judgment in *Reese I*. The motion provided uncontroverted evidence establishing that Reese provided Fidelity with "absolutely no documentation" to support her claim for payment on her insurance policy. Reese did not respond to this motion and, in fact, notified the Court that she would not be contesting the motion. On September 9, 2014, the Court granted Fidelity's motion.

On September 8, 2016, approximately seven years after Reese received Fidelity's denial of her claim, Reese filed this present action against Defendants asserting claims for negligence and breach of contract. As the basis of these claims, Reese argues that Defendants failed to timely submit proof of loss to Fidelity on her behalf which resulted in the denial of her claim.

In the pending motion, Defendants assert that they are entitled to summary judgment because this entire action is barred by the applicable statutes of limitations. In response, Reese argues that the motion should be denied because the statute of limitations for her negligence claims was tolled until after the Court granted summary judgment in favor of Fidelity in *Reese I*.[1] For the reasons stated below, the Court finds that Defendants are entitled to summary judgment on all claims in this action.

---

[1] It is unclear whether Reese is asserting that any tolling doctrines apply to the statute of limitations for her breach of contract claims. Although Defendants have moved for summary judgment on these claims, Reese has not responded with any argument regarding why the breach of contract claims should not be dismissed as time barred. After careful

**Analysis**

Reese's negligence claims are subject to a two-year statute of limitations. As a general rule, the statute of limitations commences to run upon a cause of action in tort from the time that the duty owed to the plaintiff was breached by the wrongful or negligent acts of the defendant even though in some cases, the plaintiff is ignorant of the existence of his cause of action, or although damage was not sustained until after the commission of the tort. *Dotson v. Alamo Funeral Home*, 577 S.W.2d 308, 311 (Tex. Civ. App.—San Antonio 1979, no writ). Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011). A cause of action ordinarily arises and the statute of limitations commences to run immediately upon the commission of the wrong about which the complaint is made, and the running of the statute is not postponed until damage results from the wrong. *Dotson*, 577 S.W.2d at 311.

The summary judgment evidence establishes that well over two years elapsed between the time that Reese was damaged by Defendants' alleged wrongful conduct and the date this action was filed. The summary judgment evidence establishes that Reese's claims in this case accrued, and the limitations period began to run on these claims, on August 11, 2009. On this date, Reese received Fidelity's Rejection of Proof of Loss ("Rejection"). This written notice informed Reese that her claim was being denied

---

consideration of the summary judgment record, the Court finds that the breach of contract claims are barred by the applicable four year statute of limitations and that the summary judgment record does not raise a disputed issue of material facts regarding these claims.

because no timely proof of loss had been filed on her behalf by Defendants. The Court finds that on this date, Reese became aware of Defendants' actions that are the basis of this action. Accordingly, this lawsuit against Defendants filed in September 2016, over seven years later, is time barred by the applicable two year statute of limitations.

Reese contends that the holding in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex. 1991) applies in the present case to toll the limitations period until September 9, 2016, two years after the date that the Court granted Fidelity's motion for summary judgment in *Reese I*. Reese argues that because this case was filed within two years of this date, it is not time barred. The Court disagrees. The holding in *Hughes* has been narrowly construed by Texas courts as only applying to the unique circumstances surrounding legal malpractice cases. In *Murphy v. Campbell*, 964 S.W.2d 265, 272 (Tex. 1997), similar arguments to the ones Reese makes here—to extend the *Hughes* holding to other types of negligence claims—were rejected by the Texas Supreme Court.

Next, Reese argues that the doctrines of equitable tolling and "estoppel of limitations" also apply to toll the two year limitations period until after September 9, 2016. The Court disagrees. Reese, as the proponent of these defenses, bears the burden of proof. *See Hand v. Stevens Transp., Inc. Employee Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.). Equitable tolling may toll accrual "in situations … where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Harrell v. S.P. Dairy Ashford*, No. 01-15-00865-CV, 2017 WL 1149683, at *3 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.); *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.) (citing *Czerwinski v.*

*Univ. of Tex. Health Sci. Ctr. at Houston Sch. of Nursing*, 116 S.W.3d 119, 122-23 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)). Similarly, equitable estoppel may bar a limitations defense when a party, his agent, or representative makes representations that induce a plaintiff to delay filing suit until the limitations period has run. *Kofran v. Woodring*, No. 14-96-00231-CV, 1997 WL 235480, at *3 (Tex. App.—Houston [14th Dist.] May 8, 1997, no writ).

However, even when these doctrines are invoked, a plaintiff must also still establish diligence in filing "the cause of action he knows he has [and] may not continue to rely upon the defendant's original inducement beyond a point when it becomes unreasonable to do so." *Alvarado v. The Abijah Group, Inc.*, No. 03-13-00060-CV, 2015 WL 4603542, at *5 (Tex. App.—Austin July 29, 2015, no pet.); *Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *see also Neal v. Pickett*, 280 S.W. 748, 753 (Tex. Comm'n App. 1926, jdgmt adopted). Courts have consistently held that "one claiming suspended operation of the statutes of limitations, or estoppel against their apparent effect, must have not ignored the requirements of due care and blindly relied upon a situation as being what it seemed rather than as being what it in reality was." *Leonard*, 731 S.W.2d at 129 (quoting *Neal*, 280 S.W. at 753).

Here, Reese contends that she relied on Defendants' continued assurances that they had timely filed the proof of loss to wait over seven years after receiving the Rejection to file this action. However, Reese has failed to provide any summary judgment evidence establishing that her reliance was reasonable or that she exercised due care to delay filing of this suit until after the period of limitations had run on her claims.

To the contrary, the summary judgment establishes that Reese's alleged reliance was unreasonable and that she did not exercise due care. The evidence reflects that, far from being the result of reasonable reliance, Reese's delay in filing this action was the result of a tactical decision regarding which parties to sue for her damages. *See e.g.*, *Bailey*, 154 S.W.3d. at 920 (holding that equitable tolling principles cannot be used to relieve a party of the consequences of tactical litigation decisions).

The summary judgment evidence establishes that in 2009, Reese hired Dale Felton to handle her legal claims against Fidelity. Felton is a seasoned trial lawyer with extensive experience in flood insurance claim litigation.[2] Felton's affidavit establishes that following Reese's receipt of the Rejection in August 2009, Defendants represented to Reese that they had, in fact, timely filed proof of loss of claim with Fidelity.[3] Felton testified that after these representations were made, he personally conducted an inspection of Defendants' claim log and found absolutely no evidence to support Defendants' representations that they had timely filed any proof of loss on behalf of Reese.[4] Felton stated that he also asked Defendants multiple times for documents supporting their representations.[5] Felton further testified that Defendants repeatedly made various excuses for their inability to provide such documents to him.[6] The summary judgment evidence establishes that Felton also knew at the time he was making these requests for information to Defendants that there were other insurance claim files being

---

[2] The Court notes that 2 ½ pages of Felton's 11 page affidavit are dedicated to setting forth his qualifications and experience in insurance litigation. Dkt. 18-2, pp. 1-3.
[3] *Id.* at p. 4.
[4] *Id.* at pp. 4-5.
[5] *Id.*
[6] *Id.* at pp. 5-6.

handled by Defendants that had missing documentation regarding the timely filing of proof of claims.[7] Despite this knowledge, Felton testified that no claims were asserted against Defendants in *Reese I* because Defendants "emphatically demanded that suit be filed against Fidelity" to prove that the proof of loss of claim was timely filed and to "[m]ake them cough it up."[8] The Court finds that under these circumstances, Reese's continued reliance on Defendants' alleged misrepresentations and/or assurances to not sue Defendants until after the statute of limitations had run was not reasonable. Reese has not presented any summary judgement evidence establishing that she used due care in deciding to ignore the results of her attorney's investigations into Defendants' conduct and wait seven years before filing this suit.

    Likewise, the Court finds that the "Legal Proceedings doctrine" is not applicable to toll limitations under the facts of this case until September 9, 2016. Where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (limitations tolled while prior submission of same case was being appealed). The summary judgment evidence establishes that there was no pending legal proceeding that prevented Reese from timely filing this pending lawsuit. *Id.* If Reese wanted to assert her damage claims against Defendants, she could have—and should have—filed this action long ago.

---

[7] *Id.* at p. 5.
[8] *Id.* at p. 6. The Court notes that Felton represented Reese and there is no evidence in the record to indicate that Felton ever represented Defendants.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment as Reese's complaint against Defendants is barred by the statute of limitations.

For the foregoing reasons, the Court further **DENIES** Plaintiff's counter-motion for summary judgment.

SIGNED at Galveston, Texas, this 5th day of December, 2017.

_____
George C. Hanks Jr.
United States District Judge